United States Courts
Southern District of Texas
FILED

NOV 17 2010

David J. Bradley, Clerk of Court

UNITED STATES BANKRUPTCY COURT

Southern DISTRICT of Texas

In re: Samuel Green Jones III                    Case No. 10-38635

Debtor(s)

# NOTICE

The following plan proposed by the debtor contains provisions which may significantly affect your rights. A creditor who wishes to oppose the plan may do so by filing a timely objection to the plan. Any objection must be in writing, filed with the court and served upon the debtor, debtor's counsel (if any), and the Chapter 13 Trustee within twenty-five (25) days following service of the plan or within five (5) days following the conclusion of the meeting of creditors, whichever is later. If no objections are filed, the court may confirm the Chapter 13 Plan without further notice. The provisions of the confirmed plan will bind the debtor and each creditor.

A proof of claim must be filed by or on behalf of each creditor, including secured creditors, in order for the creditor to be eligible to be paid by the Trustee. The Trustee will treat the amount stated on the filed proof of claim as the amount of a creditor's claim unless otherwise determined by order of the court. See the notice of commencement of case for the claims bar date, the date by which a proof of claim must be filed in order to be treated as timely filed.

If you need additional information to determine how your rights may be affected, you may attend the meeting of creditors, obtain copies of the schedules and statement of affairs from the clerk of the court or seek the advice of an attorney. Except as noted otherwise, references to the "debtor" include such individual's spouse in a joint case.

# CHAPTER 13 PLAN

Debtor proposes the following ☑ ORIGINAL ☐ _____ (Seq. #) AMENDED Chapter 13 Plan.

I  **FUTURE EARNINGS, INCOME AND ASSETS COMMITTED TO TRUSTEE FOR FUNDING OF PLAN**

   A.  Debtor shall pay the Trustee as follows:

       $ 2,900.00 each month for first 60 months, commencing within 30 days after the original plan is filed.
       $_____ each month for next _____ months, commencing _____
       $_____ each month for next _____ months, commencing _____

   B.  Debtor ☑ COMMITS ☐ DOES NOT COMMIT all tax refunds to funding of the plan, except to the extent otherwise subject by law to setoff, recoupment or alternative disposition.

   C.  Debtor commits the following other income and assets to funding of the plan.

<u>DATE</u>                           <u>SOURCE</u>                           <u>AMOUNT</u>

D.  This plan is a: ☐ 100% Plan   ☒ Base Plan/Base Amount $ 174,000.00   .
[For "base plan", the base amount is the total sum of payments to be made to the Trustee over the entire plan. If the base amount is ultimately insufficient to pay those creditors required to be paid in full under the plan, (i.e. administrative expenses and/or secured, executory contract/unexpired lease, arrearage/default, priority and separate classification claims) the base amount will be increased to the extent necessary to fund the plan.] If debtor commits tax refunds to funding of the plan, and the commitment of tax refunds will result in the plan completing in less than 36 months, the base amount shall be increased to the extent necessary to result in a plan of at least 36 months duration.

## II   DURATION OF PLAN

Payments shall be made over a period of not less than 36 months nor more than 60 months, unless debtor pays all creditors in full in less than 36 months. Estimated length of plan is 60 months.

## III   DISBURSEMENTS, COSTS OF ADMINISTRATION, AND CLAIMS

### A.   DISBURSEMENTS MADE BY TRUSTEE

From funds received, the Trustee shall make disbursements in the sequence set forth below except as provided in Section VII. (If the Trustee has insufficient funds on hand to make disbursements to all classes, the funds will be distributed as provided to the extent funds are available. Claims within a particular class which cannot be paid the proposed disbursements shall be paid a pro rata share of the proposed disbursement.) A monthly payment of less than $15.00 on any particular claim need not be distributed, but may be accumulated and distributed each time the aggregate amount of accumulated funds is $15.00 or more. For each distribution period, the Trustee is permitted to hold back in the same manner as set out for distribution, estimated or applied for attorney's fees as projected costs of administration.

#### 1.   COSTS OF ADMINISTRATION

a.   To the standing trustee, the percentage fee fixed under 28 U.S.C. §586(e)(1)(B).

b. To the debtor's attorney:

☐ A flat fee of $_____, based on the flat fee agreement between the debtor and the attorney in accordance with local court rules and of which $_____ shall be paid by the Trustee as set forth below in Section III.A.1.c.

☐ Estimated fees of $ _____, and of which $ _____ shall be paid by the Trustee as set forth below in Section III.A.1.c. Estimated fees shall be withheld from plan disbursements and paid by the Trustee only as allowed by the court after separate application and order in accordance with local court rules.

.

c. Payment of Attorney Fees by Trustee from plan payments:
The debtor's attorney will be paid all allowed fees in full before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/ unexpired lease, secured, and arrearage/ default creditors, except as set forth below:

☐ $_____ per month to the debtor's attorney for allowed fees before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, secured and arrearage/default creditors.

☐ $_____ per month to the debtor's attorney for allowed fees before any arrearage/ default, priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, and secured creditors.

☐ $_____ per month to the debtor's attorney for allowed fees before any secured, arrearage/default, priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing and executory contract/unexpired lease creditors.

☐ Other: _____

_____.

Nothing herein shall bar a creditor from requesting relief from stay, dismissal of the case, conversion to another chapter, or other appropriate relief if the debtor does not make payment to the Trustee as proposed by the plan.

2. **CONTINUING CLAIMS (LONG TERM DEBTS)**

To creditors to whom the last payments are due beyond the term of the plan, payments shall be maintained according to the terms of the original obligation as set forth below. In the event any obligation is paid in full before the plan is complete, future funds previously devoted to such creditor will be disbursed to other creditors under the plan.

    a. Regular periodic payments accruing post-petition on obligations that were current as of the date of petition filing will be paid directly to such creditor by debtor as set forth in paragraph III.B (Disbursements Made By Debtor).

    b. Regular periodic payments accruing post-petition on obligations that were delinquent as of the date of petition filing will be paid to such creditor by Trustee as set forth below. Arrearage will be paid as set forth in paragraph III.A5 (Arrearage/Defaults).

| CREDITOR | DESCRIPTION OF COL./CLAIM | MONTHLY PMT |
|---|---|---|
| Bank of America | 2206 Mountain Ranch Drive, Houston, TX | $1,250.00 |

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    a. **ASSUMPTIONS**

        1. Debtor assumes the following executory contracts and/or unexpired leases:

| CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM |
|---|---|---|

  2. To creditors whose executory contracts and/or unexpired leases have been assumed, adequate assurance of future performance will be provided by the contract or lease payments being made according to the terms of the original obligation.

    (a) Regular periodic payments accruing post-petition, on obligations that were current as of the date of petition filing, will be paid directly to such creditor by debtor as set forth in paragraph III.B (Disbursements Made By Debtor).

    (b) Regular periodic payments accruing post-petition, on obligations that were delinquent as of the date of petition filing, will be paid to such creditor by Trustee as set forth below. Defaults/pecuniary losses will be paid as set forth in paragraph III.A5 (Arrearage/Defaults).

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | TOTAL CLAIM | MONTHLY PMT |
| --- | --- | --- | --- |

  b. **REJECTIONS**

    Debtor rejects the following executory contracts and/or unexpired leases and surrenders the property. Any allowed unsecured claim for damages resulting from such rejection shall be paid as provided in section III.A8 (Unsecured Claims). The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the property surrendered, thereby allowing recovery and disposition of such property according to applicable non-bankruptcy law.

| CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM |
| --- | --- | --- |

**4.** **SECURED CLAIMS**

  a. To creditors whose secured claims will be paid within the term of the plan,

each creditor shall be paid the amount of its secured claim plus interest from the date of petition filing as calculated by the Trustee at the interest rate and monthly payment set forth below. The amount of a creditor's secured claim shall be the amount stated as secured on a proof of claim filed by or on behalf of the creditor unless the court determines a different amount following the filing of a separate motion to value the claim or the filing of an objection to the claim. To the extent that the amount of a creditor's secured claim is determined to be less than the amount of its total claim, any portion of the claim in excess of the amount of its secured claim will be treated as an unsecured claim and paid as provided in section III.A6 (Priority Claims), if entitled to priority under 11 U.S.C. §507, or if not, as provided in section III.A8 (Unsecured Claims) below. An order valuing the secured portion of a claim, at less than the total amount of the claim, voids the creditor's lien to the extent of the unsecured portion of the claim. In the event the case is dismissed prior to the discharge, the lien so voided will be reinstated unless otherwise ordered by the court.

| CREDITOR | DESCRIPTION OF COLLATERAL | TOTAL CLAIM | COLLATERAL VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| HSBC Retail Services | 2007 Suzuki Motorcycle | $5,593.54 | $5,593.54 | 5.25 | |
| MeriCap Funding | 2004 Volvo Semi Truck | $10,625.32 | $10,625.32 | 5.25 | |

  b. Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditor's claim. To the extent the collateral does not satisfy such creditor's claim, the creditor shall be treated as the holder of an unsecured claim and paid as provided in section III.A6 (Priority Claims), if entitled to priority under 11 U.S.C §507, or if not, as provided in section III.A8 (Unsecured Claims). The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the collateral surrendered, thereby allowing recovery and disposition of such property according to applicable non-bankruptcy law.

| CREDITOR | DESCRIPTION OF COLLATERAL | TOTAL CLAIM | COLLATERAL VALUE |
|---|---|---|---|
| | | | |

  c. Debtor shall file a separate motion under 11 U.S.C. §522(f) to avoid the following judicial liens or nonpossessory, nonpurchase-money security

interests. Any claim on which the lien is avoided shall be treated as an unsecured claim not entitled to priority and paid as provided in section III.A8 (Unsecured Claims).

| CREDITOR | DESCRIPTION OF INTEREST | EXEMPTION IMPAIRED |
|---|---|---|

5. **ARREARAGE/DEFAULTS**

   a. To creditors to whom the last payments are due beyond the term of the plan, arrearage shall be cured at the interest rate and monthly payment set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL/CLAIM | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PMT |
|---|---|---|---|---|
| Bank of America | Principal Res Arrearage | $10,750.00 | | |

   b. To creditors whose executory contracts and/or unexpired leases have been assumed, debtor will cure any default and compensate the other party to such contract and/or unexpired lease for any actual pecuniary loss at the interest rate and monthly payment set forth below.

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | AMT OF DEFAULT/ PECUNIARY LOSS | INTEREST RATE | MONTHLY PMT |
|---|---|---|---|---|

6. **PRIORITY CLAIMS (OTHER THAN COSTS OF ADMINISTRATION)**

To unsecured creditors entitled to priority as defined in 11 U.S.C. §507, who file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], payments in full in deferred cash payments over the term of the plan pro rata as follows, unless the holder of a particular claim agrees to a different treatment. Unsecured creditors entitled to priority, who fail to file a proof of claim within the time set forth above, shall be paid as provided in section III.A8 (Unsecured Claims) below.

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| Internal Revenue Service | 1040 Taxes | $6,285.86 |

7. **SEPARATE CLASSIFICATIONS OF UNSECURED CLAIMS**

To unsecured creditors not entitled to priority, separately classified pursuant to 11 U.S.C §1322(b)(1), a dividend over the term of the plan pro rata as follows. (Debtor has filed with the plan an affidavit stating the basis for each separate classification.)

☐ Disburse available funds only to separately classified unsecured claims until paid in full, then disburse remaining available funds to other unsecured creditors. (Requires 60 month plan.)

☐ Disburse available funds pro rata to all unsecured creditors for the equivalent of 36 monthly payments, then disburse remaining available funds only to separately classified unsecured claims until paid in full.

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
| --- | --- | --- |

8. **UNSECURED CLAIMS**

a. **TIMELY FILED**

To unsecured creditors not entitled to priority, who file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], a dividend over the term of plan pro rata as follows:

☐ 100% Plan: Full payment of their allowed claims.
☑ Base Plan: Payment of their allowed claims to the extent of the funds remaining after payment of administrative expenses, continuing, secured, executory contract/unexpired lease, arrearage/default, priority and separate classification claims.

b. **TARDILY FILED**

To unsecured creditors, who fail to file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], a dividend over the term of plan pro rata

as follows:

SUCH CLAIMS SHALL BE TREATED AS ALLOWED CLAIMS, UNLESS DISALLOWED BY ORDER OF THE COURT, BUT SHALL BE SUBORDINATED TO TIMELY FILED CLAIMS AND PAID PRO RATA ONLY AFTER FULL PAYMENT OF TIMELY FILED CLAIMS TO THE EXTENT NECESSARY FOR THE PLAN TO COMPLY WITH 11 U.S.C. §1325(a)(4), 11 U.S.C. §1325(b)(1)(B) AND THE TERMS OF THE PLAN.

9. **POST-PETITION CLAIMS**

Claims filed under 11 U.S.C. §1305 shall be treated as follows:

a. Claims for taxes that become payable to a governmental unit while the case is pending shall be treated as priority claims and paid as provided in section III.A6 (Priority Claims) above.

b. Claims for consumer debt that arise after the date of petition filing, and that are for property or services necessary for the debtor's performance under the plan, shall be treated as timely filed unsecured claims and paid as provided in section III.A8 (Unsecured Claims), but only if the specific claim is provided for in a modification of the plan. The claim shall be disallowed if the creditor knew or should have known that prior approval by the Trustee of the debtor's incurring the obligation was practicable and was not obtained.

B. **DISBURSEMENTS MADE BY DEBTOR**

Debtor shall make disbursement directly to creditors as follows:

To secured creditors whose rights are not being modified pursuant to 11 U.S.C. §1322(b)(2) and are not otherwise impaired, the secured claim of each shall be paid directly by the debtor according to the terms of the original obligation at the interest rate and monthly payment set forth below. [A secured claim is not being modified and is not impaired if all payments were current as of the date of petition filing, none of the terms of the debtor's agreement with the creditor are being changed, and the collateral had a value as of the date of petition filing equal to or greater than the net amount due.]

| CREDITOR | DESCRIPTION/ COLLATERAL | TOTAL CLAIM | COLLATERAL VALUE | INTEREST RATE | MONTHLY PAYMENT | FINAL PMT DATE |
|---|---|---|---|---|---|---|

## IV   INSURANCE

Debtor shall keep any collateral continuously insured in accordance with the terms of the original obligation with the creditor until the amount of its secured claim is paid.

## V   TAX RETURNS

A. ☑ All tax returns and tax reports due pre-petition have been filed.

☐ The following tax returns and tax reports due as of the date of petition filing have not been filed:

| TAX AGENCY | KIND OF TAX | TAX PERIOD | DATE RETURN WILL BE FILED |
|---|---|---|---|
| | | | |

B. Debtor shall file all post-petition tax returns/tax reports and pay all post-petition taxes as they come due.

## VI   COMPARISON WITH CHAPTER 7

The value, as of the date of petition filing, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Code on such date.

## VII   SPECIAL PROVISIONS:

## VIII   REVESTMENT OF PROPERTY

Property of the estate shall revest in the debtor upon confirmation of the plan, or at a later time or in another entity as follows:

☐ Dismissal or discharge only.

☐ _____

In the event the case is converted to Chapter 7, 11 or 12, property of the estate shall vest in accordance with the applicable law. Debtor shall be responsible for the preservation and protection of all property of the estate.

**IX   RETENTION OF LIENS**

Unless otherwise provided by this plan, each creditor shall retain its lien or other interest in property vesting in the debtor.

**X   CERTIFICATE**

The debtor's attorney (or the debtor if no attorney) hereby certifies under penalty of perjury that this plan is a duplicate of the plan required by local rule.

DATED: 11/17/10                                Debtor _[signature]_

Attorney for Debtor _____   Debtor _____

Attorney Address _____

_____

Attorney Telephone _____